Good morning. Our first case this morning is Edwards v. Shinseki. Mr. Carpenter. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Michael Edwards. Mr. Edwards appeals a decision of the Veterans Court alleging two errors. First, that the Veterans Court relied upon a misinterpretation of 38 CFR 19.26. In this case, both the Board and the Veterans Court relied upon an interpretation of section 19.26 as a basis for invalidating a Notice of Disagreement. The provisions of 19.26 do not include such a sanction or provision. The only provision or the only remedy available under 19.26, specifically 19.26b, is to provide for contact with the claimant in order to request clarification of the claimant's intent. Well, that was done, right? Yes, it was. And there was a response. Mr. Edwards did identify in his communication that was rejected as a non-valid Notice of Disagreement, both that he desired appellate review and that he disagreed with the VA's rating decision of October 30, 2006. Why wouldn't he have just clarified the issues? I'm sorry, Your Honor? Why wouldn't they just clarify the issues instead of protesting on some unfortunate procedural point? Well, Your Honor, I'm not sure I have an explanation for that, other than the fact that this is a non-attorney agent who was responding and felt like he had, in fact, provided the clarification that was... Mr. Little? Mr. Little, that's correct, Your Honor. But he's at a Center for Veterans Awareness. Don't you think he'd be aware of the best interests of the veteran? Well, from his point of view, that's what he was doing, Your Honor. Now, I suppose it can be debated as to whether or not the better course of action was to provide a greater degree of clarity. What's the debate? Well, the debate is, Your Honor, that under the provisions of 20.201, all that is required of a Notice of Disagreement is the expression of disagreement with the decision of the VA and a desire for appellate review. And isn't whether that regulation was complied with application of a lot of facts? Whether which regulation, 20.201 or 19.26? You're focusing on 19.26 and then 20.201. Right. And we're talking about whether the specific determinations were identified in the response. And so, one, the question is whether 20.201 was met by the final letter, and that is application of the regulation to the facts. No, Your Honor, I do not believe it is, because this court in Calaro expressly indicated that what was required under 20.201 of a Notice of Disagreement does not require him to identify any specific claims. And, in fact, this court went on to say- I don't understand. I'm looking at 20.201 now, and right in the middle of that paragraph, it says if the RO gave notice that adjudicative determinations were made on several issues at the same time, specific determinations for which the claimant disagrees must be identified. Are you saying he complied with that? I am, Your Honor, because he said that he disagreed with the rating decision. And the rating decision did involve multiple claims. Calaro says that he's not required to identify these specific claims, but simply the decision that he disagreed with. And he provided that disagreement. He indicated that he disagreed with the decision that was made. In Calaro, the court noted that it is the substantive appeal in which you get specific about the issues that you intend to raise on an appeal. The distinction here, Your Honor, is that all that is required to initiate an appeal is a very low threshold. And that low threshold is simply an expression of disagreement with the decision that was made by the VA. That decision was on October 30, 2006, and October 15, 2007. That expression of disagreement was complied with. The VA, when they adopted 20.201 in 1992, expressly indicated that it was not the intent of the VA to deprive anyone of his or her right to an appeal. But that's precisely what happened in this case. Mr. Edwards was deprived of his right of appeal because there was a squabble over whether or not there was or was not clarification about what he was intending to appeal. What he was intending to appeal was the rating decision. And that was clearly expressed in the original notice of disagreement of October 15, 2007. And then the Veterans Court compounded that by indicating that a notice of disagreement is limited to a document that specifies the claim denied. But the document that specified the claim denied was the rating decision. And that's what he said he filed his notice of disagreement with on October 15, 2007. And that's all that is required under the regulation under 201. Weren't there several different determinations at issue here? Yes, there were, Your Honor. But there was only one decision. And a notice of disagreement is with the decision. And in Calaro, this court noted that it was important, there was a distinction between whether you expressed disagreement... So what does the language mean in 201, which says, if they gave notice that adjudicative determinations were made on several issues at the same time? Is that not this case, or is that some other case? And if so, what kind of a case is it? That is this case. And he expressed disagreement with all of the decisions. And when he responded to the clarification, he indicated, we disagree with everything you did in your October 30, 2006 decision. And that's all that's required of a notice of disagreement. Wait, what are you referring to? His letter then of December 7th that he says that? I'm referring to both letters, Your Honor. The first one is October 15, 2007, in the record at JA 40-42, and then again in January of 2000. So did he say that in those letters, that I object to all of the determinations? Unfortunately, the second, with respect to the October 15th letter, I don't know if there's a page missing on the appendix, a whiteout page. In the second full paragraph at the record at JA 40, it says, pursuant to 7105D1, the veteran expresses disagreement with the decision dated October 31, 2006. And this decision is erroneous for a number of reasons, and he listed three specific reasons. But he expressed disagreement with a specific VA decision. And that's what's required. So you're saying that reference to the decision means any and all determination? That's correct, Your Honor, that we're made of that decision. And some of them were favorable. And some of them were favorable. He objected to those. He wanted an unfavorable ruling. Actually, Your Honor, on at least one of those favorable decisions, it was only a partially favorable decision. Which, by the way, in his brief here, Edwards didn't raise that. He only disputed the three denied claims, right? In his brief here, Your Honor, or his brief below? I believe you're right that he only addressed three specific issues in his brief to the Veterans Court. So he could have appealed the PTSD rating of 70, saying it should have been 100%. That's correct, Your Honor. But he objected to all of them, you're saying, including the one that went in his favor completely? When he filed his notice of disagreement, that's correct, Your Honor, and that that's all that is required by the regulation. And that then, when the VA prepares its statement of case, I'm sorry, Your Honor. Step back a second and listen to yourself. I mean, all that needed to happen here is that he would say, I object to specific one, two, three, and we could have moved on. And instead you're arguing some minutiae? I disagree, Your Honor. We've had this conversation before that we've got this hamster wheel system where things go back over and over and over again on procedural grounds. We've got 1.2 million claims out there. Only 50,000 a year are making it up to the Court of Veterans Claims, let alone the ones that make it here. The system is being impeded by this kind of, I'm going to call it nonsense. With due respect, Your Honor. Do you feel like this is just an absolutely necessary thing for this veteran to delay the procedure? He did not delay the procedure. Why didn't he just clarify what his problem was? The veterans representative attempted to do that. He did not do that to the satisfaction of the VA. But the sanction is not to invalidate the Notice of Disagreement under 19.26. There is no provision for such a sanction. The infallibility of a Notice of Disagreement is if the Notice of Disagreement does not express disagreement or it does not express a desire for appellate review. Those are the only two bases at law for doing it. By the way, it was in his brief here that he only disputed the three denied claims. I'm not sure I know what you mean by that, Your Honor. It's the brief you wrote. Yes, but that's based upon the decision that was made below. I can't introduce claims. You want to save your bottle time? Yes, Your Honor. Thank you very much. Ms. Hossberg. May it please the Court. The only issue that this Court arguably has jurisdiction over in this case is whether Sections 19.26 and 20.21 require Notices of Disagreement to specifically identify the claims being appealed. Can I just ask you, going back to just building on what Mr. Carpenter was arguing about. In the October 15th letter, JA-40, he says the veteran expresses disagreement with the decision dated October 30th. Right. And when you go back to the October 30th, whatever, decision, JA-34, that's what he's referring to, right? Yes. Where it says decision, it lists sort of five categories. Right. And that includes all of the issues, right? It includes the various claims and determinations that underlie the decision. Right. So doesn't that, isn't the normal translation, if he's appealing the decision and the decision consists of five parts, that he's appealing all of those parts? No. That is not what that means. I mean, Mr. Edwards relies on the Calaro decision to say, all you have to appeal is this decision, and then it should be understood that all of the claims underlying that decision are also appealed. But in Calaro, the claimant specifically said, I'm appealing the, well, if he had just used one word, all, if he's replied to the letter for clarification in terms of identifying what he appeals to, he just said all of the determinations. Wouldn't that have been sufficient? In this case, it might have, it depends. In this case, because there were clearly denied claims and also favorable claims, which also included aspects that may have been subject to appeal, for instance, if Mr. Edwards had disagreed with the 2006 effective date for his TDIU or with the 70% rating he was given for PTSD, those would also potentially appeal. And that's the whole point of Section 20.21 and Section 19.26. So if he had said all, would that have been ambiguous? Why would that have been ambiguous? You're saying there's a finite number of decisions that were made. And if he says he's appealing all of those. If he said, I'm appealing all determinations, that may have been clearer. But here, remember, this process is not set up to trip up veterans. The whole point of this process is to help the VA determine which aspects of the decision the veteran intends to challenge. And that's for a variety of reasons. First of all, that veteran has a year to appeal, bring appeals from the decision. He doesn't have to appeal each and every determination at the same time if he wants to gather evidence for the appeal or otherwise. The regulatory history of 20.201 shows it. So if the RO assumes that he's appealing all and does a statement of case on all, then that doesn't provide the veteran with additional time to develop his appeal. The second thing is... So he could file twice. He could file the first month and say, I'm appealing determinations one and two. And then he could file four months later saying, I'm appealing determinations three and four. He can. Yes, that's permitted. And this court has recognized that in some of its older decisions where we had the situation where certain NODs were filed before the VJRA and certain were decided after. And the court said, well, that's okay. You can file different notices of disagreement on the same decision. Ms. Hossford, JA46, the final letter in which Mr. Lytton enumerates five grounds of disagreement. Is it your view that whether that enumeration complies with the regulation is applications law of effect and beyond us? Yes. What Mr. Edwards is asking the court today to do is to determine that applying sections 19.26 and 20.201 to the VA's letter to him and his letter back was a violation of the regulation. That's a clear application of law of effect. What he's saying is that's a misinterpretation of the regulation. Well, I mean, the last paragraph on page JA46 really doesn't have anything to do with the decision that was issued. He's asking the RO to consider other issues that weren't even in the decision that was the subject of the NOD. It's before that that he says, I don't have to clarify. The regulations don't require me to clarify. But as I was saying before, the Colaro decision does not say that you don't have to identify the determinations that you're appealing. In that case, the veteran had indicated that he was appealing the, I believe, 100% rating. It was a TDIU PTSD, I'm sorry. And he also, so a statement of case was issued on that determination, one claim, and then he tried to bring up a constitutional issue and then he tried to bring up TDIU, which we know TDIU is not a freestanding claim. So it has to be considered in conjunction with other claims. And that's where the court drew the line. It said, look, just because you didn't mention the constitutional issue and the TDIU in the original NOD, that doesn't preclude you from raising those issues during the course of the appeal. However, he did identify the specific claim that he was appealing in his original NOD. So Colaro is not applicable here. And as Judge Rader pointed out during Appellant's presentation, there's a good reason for this regulation. Because of the backlog of claims and the delays that are already inherent in the process, if a veteran doesn't provide clarification, it just slows down the process even more. Because once the veteran files his Notice of Disagreement, the agency is required to reexamine the claim, determine whether development is needed on each of the issues that are raised, and possibly do a whole new analysis of those claims. If there's not specificity, especially in a case like this where there are five claims below about which ones you're challenging, that forces the agency to lengthen the process in connection with one claim and thus delaying other veterans' claims or appeals where they did comply with the regulation and did specify the claims that they were appealing. And as far as in his brief, Mr. Edwards brought up the duty to sympathetically read a claim. Well, this regulation basically builds that in because it requires the agency to request clarification if it can't tell what the veteran is appealing. And here, we have to assume that the agency was acting in good faith and couldn't figure out which claims Mr. Edwards was appealing. And in fact, it's still not clear because as Judge Rader pointed out, below for the CAVC, Mr. Edwards said he was appealing the entire decision. But in pages 5 and 6 of Mr. Edwards' appeal brief, he states it's only the three denied claims. So there's no question in this case that Sections 19.26 and 20.21 require a veteran to identify the specific claims which he or she is appealing. Is any more specificity required, for instance, if it's an effective date? If you say the TDIU is effective 2006, does he just have to say, I disagree with that determination? Does he have to say, because I think that date should have been earlier? Does he have to identify what he thinks is the appropriate effective date? No. You don't have to provide the reasons for your disagreement with a particular determination in your Notice of Disagreement. He merely would have just said, say, I disagree with PTSD, the PTSD determination. And then all determinations or all the radix of issues underlying that would be built into the NOD, including TDIU, if that were relevant. So here Mr. Edwards provided no guidance to the agency about which determinations he wished to appeal. So that's why they asked for clarification. And when he wrote back, he basically said, I don't need to provide clarification, but the regulation requires it. Section 20.201 could not be more plain. It says you must identify the specific determinations or issues which you wish to appeal. And as I indicated before, there's good reasons for that. The agency needs to know so that it can do the review and development needed to provide the statement of the case and move the appeal forward. And also not have unnecessary delays in the process, thus delaying other veterans. So I would also point out that Mr. Little, as a claimant's agent, had to be accredited, so he had to have some qualifications to have been appointed to that position in the first place. Unless the Court has other questions, I would ask that you confirm the decision. Please, the Court, this appeal is not about whether or not the regulation at 19.26 helps the VA. This appeal is about whether or not the regulation at 19.26 authorizes, as was done in this case, for the VA to invalidate a notice of disagreement. The regulation does not provide that authority. The regulation does provide for a request for clarification. And then it says in subparagraph D that if that response is made, what the VA is supposed to do. And what the VA is supposed to do is additional development. The VA did not do additional development. The VA simply proceeded to invalidate the notice of disagreement. When they put Mr. Edwards on notice of that, he did the only thing that was available to him, which was to initiate another appeal in order to litigate the question of whether or not his notice of disagreement was valid. His notice of disagreement was not invalid because it expressed disagreement with a specific decision of the VA, and that's all that is required. And it expressed a desire for appellate review. To impose upon the veteran the obligation to specify specific claims goes beyond the intent of 20.201. More importantly, the result is it writes into 19.26 the ability to sanction the veteran by invalidating his notice of disagreement. If you invalidate his notice of disagreement, he is denied the right to appellate review. Unless there's further questions from the panel. Thank you very much, Your Honor. Our next case is